## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JARELYS SANTIAGO and her underage son M.A.R.S., | CIVIL NO.: |
| *Plaintiffs*, | RE: |
| v. | TORT CLAIM |
| LUMA ENERGY, LLC and LUMA ENERGY SERVCO, LLC, Unknown Defendant 1, Unknown Defendant 2,Unknown Defendant 3, Unknown Defendant 4,Unknown Defendant 5, Insurance Company 1, Insurance Company 2, Insurance and Company 3, | *JURY TRIAL DEMANDED* |
| *Defendants*. | |

## COMPLAINT

**TO THE HONORABLE COURT**:

**COME NOW** plaintiffs Jarelys Santiago ("Santiago") and her underage son M.A.R.S. (jointly referred to as "Plaintiffs"), through the undersigned counsel, and respectfully **STATE**, **ALLEGE** and **PRAY** as follows:

### I.     INTRODUCTION

1.     Plaintiffs seek to recover damages caused by defendants LUMA Energy, LLC and LUMA Energy ServCo, LLC's ("Defendants") failure to maintain electric lines covered and/or isolated from plausible public access. This failure to maintain safe premises caused the premature and wrongful death of Mr. Manuel Reyes Vergelí ("Reyes-Vergelí").

2.     Reyes-Vergelí passed away on October 13, 2022, as a result of coming into indirect contact with electricity transferred by Defendants' managed-electric lines. The electric lines came

1

into contact with the truck's dump-box. Without knowing this, Reyes-Vergelí touched the truck and was electrocuted and died as a result.

3. Santiago is Reyes-Vergelí's widow. M.A.R.S. is Reyes-Vergelí's son. As a result of Defendant's negligence, Plaintiffs suffered irreparable mental anguish, emotional pain, grief, and the loss of consortium and companionship from losing their husband and dad. Plaintiffs also experienced economic losses in the form of burial expenses and well as loss of future income.

4. Plaintiffs also appear as to recover the damages personally suffered by Reyes-Vergelí, specifically the loss of earnings.

## II.     PARTIES

5. Co-plaintiff Jarelys Santiago is a natural person, of legal age, widow, domiciled and residing in the the State of Florida and thus a citizen of that state. She is co-plaintiff's Reyes-Santiago's mother and is Reyes-Vergelí's widow. Santiago's address is 2465 Absher Rd. Saint Cloud, Florida 34771 and her telephone number (787) 361-1936.

6. Co-plaintiff M.A.R.S. is a natural person, underage, student, domiciled and residing in the State of Florida and thus a citizen of that state. M.A.R.S. lives with her mother, co-plaintiff Santiago, in Saint Cloud, Florida.

7. Defendant LUMA Energy, LLC ("LUMA Energy") is a limited liability company organized pursuant to the laws of the Commonwealth of Puerto Rico. LUMA Energy's physical address is 1110 Ponce de León Avenue, Pda. 16½, NEOS Building, Suite 607, San Juan, Puerto Rico 00907, and its postal address is P.O. Box 364267, San Juan, Puerto Rico 00936-4267. The members of LUMA Energy are Quanta Utility Operations, LLC and 2240485 Alberta Ltd., neither of which are citizens of Puerto Rico or domiciled in Puerto Rico for diversity jurisdiction purposes. The ultimate indirect owners of LUMA Energy are ATCO Ltd., operating as the ATCO Group, a

Canadian-based publicly traded engineering, logistics, and energy holding company, and Quanta Services, Inc., which is incorporated in Delaware and headquartered in Texas.

8.     Defendant LUMA Energy ServCo, LLC ("ServCo.") is a limited liability company organized pursuant to the laws of the Commonwealth of Puerto Rico. ServCo's physical address is 1110 Ponce de León Avenue, Pda. 16½, NEOS Building, Suite 607, San Juan, Puerto Rico 00907, and its postal address is P.O. Box 364267, San Juan, Puerto Rico 00936-4267. The sole member of ServCo is LUMA Energy.

9.     Unknown Defendants 1, 2, 3, 4 and 5 are persons of unknown identity who are jointly and severally responsible for the damages suffered by Santiago and M.A.R.S., including insurance companies with policies covering these damages and/or persons responsible for the safety of electric lines.

10.     Insurance Companies 1, 2 and 3 are persons of unknown identity who are jointly and severally responsible for the damages suffered by Santiago and M.A.R.S. as they issued insurance policies covering those damages.

### III.     NATURE OF THE ACTION

11.     This is a civil action for recovery of damages suffered by Plaintiffs and caused by the negligent actions and omissions of Defendants, pursuant to Article 1536 of Puerto Rico Civil Code of 2020, and of Unknown Defendants 1 to 3, pursuant to Articles 1536 and 1540 of Puerto Rico Civil Code of 2020.

### IV.     JURISDICTION AND VENUE

12.     This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1332(a)(1), since Plaintiffs are all citizens of the State of Florida, LUMA and ServCo are companies created under the laws of, and with principal offices located in, the Commonwealth of

Puerto Rico. As further alleged herein, the amount in controversy exceeds the threshold amount of $75,000.00, exclusive of interests and costs.

13.     Venue is proper pursuant to 28 U.S.C. §1391(b), since LUMA and ServCo are residents of the Commonwealth of Puerto Rico and the events and omissions giving rise to this complaint occurred in the Commonwealth of Puerto Rico.

## V.     RELEVANT FACTS

### A.  _LUMA Energy and ServCo's Agreement to operate Puerto Rico's electric grid._

14.     On January 17, 2020, LUMA Energy and ServCo (jointly "Defendants") were registered as for-profit companies in the Registry of Corporations and Entities in Puerto Rico's Department of State. ServCo is a subsidiary of LUMA Energy. They were created solely to do business in Puerto Rico. Both Defendants stated in their registration that their purpose was:

> The company shall be authorized to manage and operate the Puerto Rico Electric Power Authority's transmission and distribution system, and conduct any other licit business for which a limited liability company may be organized under the laws of the Commonwealth of Puerto Rico and the Puerto Rico General Corporations Law of 2009, as amended.

15.     Months later, on June 22, 2020, Defendants executed the "Puerto Rico Transmission and Distribution System Operation and Maintenance Agreement" (the "Agreement") with the Puerto Rico Electric Power Authority and the Puerto Rico Public-Private Partnerships Authority.

16.     On June 1, 2021, Defendants officially became operators of Puerto Rico's power grid. Defendants became fully responsible for the power distribution and transmission in Puerto Rico and the corresponding system.

17.     In Section 5.1 of the Agreement Defendants agreed to "provide management, operation, maintenance, repair, restoration and replacement and other related services for the T&D

System, in each case that are customary and appropriate for a utility transmission and distribution system service provider". The T&D System is defined as the "transmission and distribution system and related facilities, equipment and other assets related to the transmission and distribution system in which Owner has an ownership or leasehold interest". *See* the Agreement at Recitals, p. 1.

18.     Defendants also assumed responsibility to operate the T&D System in a safe and secure manner. In Section 5.7 they agreed to "take all reasonable precautions for the health and safety of, and provide all reasonable protection to prevent physical damage, bodily injury or loss as a result of the operation of the T&D System".

### B.   *Manuel Reyes-Vergelí's passing.*

19.     Reyes-Vergelí was Santiago's husband. Together they had a son, co-plaintiff M.A.R.S. He currently is 12 years old. They were domiciled in St. Cloud, in the State of Florida.

20.     Reyes-Vergelí had a truck business that operated in Florida and in Puerto Rico.

21.     In October, 2022, Reyes-Vergelí traveled to Puerto Rico, to address business matters.

22.     On October 13, 2022, Reyes-Vergelí was in Juana Díaz, Puerto Rico. While there, he boarded a truck apparently owned by Santa Isabel Asphalt. Reyes-Vergelí was not an employee of Santa Isabel Asphalt. He was the passenger, not the driver of the truck.

23.     In Juana Díaz, on or around 2:07 p.m., the truck parked near Muñoz Rivera St., close to Rincón St., in front of the Juana Díaz Police Station. The truck lifted its dump-box. The dump-box came into contact with an electrical line. Unbeknownst to Reyes-Vergelí, the dump-box was electrified. Reyes-Vergelí came into contact with the truck and was instantly electrocuted.

24.     Police and paramedics went to the scene. Reyes-Vergelí received cardiopulmonary resuscitation ("CPR") to no avail. Paramedics confirmed Reyes-Vergelí lacked vital signs.

25.     The Puerto Rico Bureau of Forensic Science performed an autopsy on Reyes-Vergelí. His cause of death was "electrocution".

### C. *Defendants' negligence caused Reyes-Vergelí's death.*

26.     Defendants breached their duties, among others, of maintaining the electric grid in a manner that would ensure and guarantee safety to the public.

27.     The truck's dump-box came into contract with the electric lines because of the negligence of Defendants. The lines were located at a height and/or distance wherein public could have come into contact with them. Thus Defendants exposed members of the public to dangers and significant threats to their health, safety, and life, as dramatized by the events subject of this action as well as others within the jurisdiction.

28.     The electric lines did not comply with safety requirements and standards in the "National Electric Safety Codes".

29.     The electric lines did not have an adequate insulation cover thus exposing the public to dangers and significant threats to the health, safety, and life of the population, as dramatized by the events subject of this action as well as others within the jurisdiction.

### D. *Damages resulting from Reyes-Vergelí's untimely and premature death.*

30.     Santiago was in complete shock, sadness, and disbelief upon knowing of Reyes-Vergelí's premature death caused by Defendants' negligence. She was speechless and devastated. Santiago was in great emotional pain, sadness, anguish, and shock.

31.     Santiago then had to gather the strength to inform her son M.A.R.S. that his dad suffered a tragic death. M.A.R.S. was 11 years old at the time he received the devastating news. M.A.R.S. was in shock, with unimaginable pain and anguish.

32.     The family was anguished and felt a great emptiness from the sudden, unexpected, untimely and premature death of Reyes-Vergelí.

33.     After his untimely death, Plaintiffs have suffered great grief and pain from the loss of Reyes-Vergelí.

34.     Plaintiffs continue to suffer from great emotional pain and grief for the unexpected passing of Reyes-Vergelí.

35.     Plaintiffs will not have Reyes-Vergelí's company, love, care, and financial support.

## VI.     COUNT ONE: NEGLIGENCE
### DAMAGES

36.     Plaintiffs hereby incorporate by reference paragraphs 1 through 34 of this Complaint.

37.     Plaintiffs demand a trial by jury.

38.     Puerto Rico establishes that "[i]t is the duty of electric companies that maintain electric wires with high tension in places where the public has the right to be or in which there is a probability the public can come in contact with those wires, to protect the public from them, effectively isolating them or providing other form of protection". Vda. de Dávila v. Fuentes Fluviales, 90 D.P.R. 321, 325 (1964) (our translation).

39.     "This level of care extends not only to installation, maintenance and operating an electric producing facility and the electric lines; includes, also, the duty to perform inspection to discover defects and situations that are dangerous or risky to the public". Ramos v. Aut. Fuentes Fluviales, 86 D.P.R. 603, 609 (1962) (our translation).

40.     As a result of the detailed negligent conduct, Defendants caused Plaintiffs significant damages, including mental anguish and suffering, loss of support, care, affection, loss of love, guidance, care, and consortium and society for the loss of his wife.

41.     Plaintiffs seek an award of $4,000,000 in compensation for these injuries and damages suffered by them.

## VII.     COUNT TWO: NEGLIGENCE
## LOSS OF INCOME

42.      Plaintiffs hereby incorporate by reference paragraphs 1 through 40 of this Complaint.

43.     Plaintiffs demand a trial by jury.

44.     As a result of the detailed negligent conduct, Defendants caused Santiago the loss of Reyes-Vergelí's future income, which is conjugal property, as a result of his untimely death.

45.     Santiago seeks an award not lower than $675,000 the loss of Reyes-Vergelí's future income, which is conjugal property. Reyes-Vergelí received around $25,000 in income from his business, which considering his life expectancy to be until 77 years of age, without including legal interest rate, the value of Reyes-Vergelí's future income amounts to not less than $675,000.

## VIII.     COUNT THREE: NEGLIGENCE
## INSURANCE COMPANIES

46.     Plaintiffs hereby incorporate by reference paragraphs 1 through 44 of this Complaint.

47.     Plaintiffs demand a trial by jury.

48.     Insurance Companies 1, 2 and 3 are insurance companies or entities who provide and carry valid insurance policies acquired by Defendants to cover occurrences object of this case and said insurance policies, in fact, cover the events and occurrences object of this case.

49.     Plaintiffs request that this Court order Insurance Companies 1, 2 and 3 to compensate Plaintiffs for the injuries and damages suffered by Plaintiffs as they are covered under applicable insurance policies acquired by Defendants.

## IX.    COUNT FOUR: COSTS, INTERESTS AND ATTORNEY'S FEES

50.    Plaintiffs hereby incorporate by reference paragraphs 1 through 49 of this Complaint.

51.    Plaintiffs request an award of reasonable attorney's fees, legal costs, and pre-judgment and post-judgment interest where applicable.

**WHEREFORE**, Plaintiffs, demand a trial by jury and pray for judgment as follow:

(A)    Order LUMA ENERGY, LLC and/or LUMA ENERGY SERVCO, LLC to pay Plaintiffs, jointly and severally, an amount no less than $4,000,000, in compensation for damages;

(B)    Order LUMA ENERGY, LLC and/or LUMA ENERGY SERVCO, LLC to pay Santiago, jointly and severally, an amount no less than $675,000, in compensation of loss of future earnings, with interest thereon at the current applicable legal rate;

(C)    Order LUMA ENERGY, LLC and/or LUMA ENERGY SERVCO, LLC to pay Plaintiffs a reasonable amount in attorney's fees, legal costs, and pre-judgment and post-judgment interest where applicable;

(D)    Order Unknown Defendants to pay Plaintiffs all monetary amounts alleged and prayed herein in compensation of damages with interest thereon at the current applicable legal rate; and

(E)    Order Insurance Companies 1, 2 and 3 to pay Plaintiffs all monetary amounts alleged and prayed herein in compensation of damages, as they are covered under applicable insurance policies acquired by Defendants, with interest thereon at the current applicable legal rate, and a reasonable amount

in attorney's fees, legal costs, and pre-judgment and post-judgment interest where applicable.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this September 12, 2023.

<u>**s/Carlo Defendini-Díaz**</u>
**CARLO DEFENDINI-DÍAZ**
USDC PR No. 227814
304 Ave. Ponce de León
Suite 990
San Juan, Puerto Rico 00918
Tel.: (787) 485-2692
cd1705@hotmail.com