IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JARELYS SANTIAGO, et al. *Plaintiffs* v. LUMA ENERGY, LLC, et als. *Defendants and Third-party Complainants* v. SANTA ISABEL ASPHALT *Third-party Defendant* | CIVIL NO.: 23-01465 (SCC) (BJM) RE: TORT CLAIM JURY TRIAL DEMANDED |
| MANUEL REYES MORELL *Plaintiff* v. SANTA ISABEL ASPHALT, INC, et al. *Defendants* | Consolidated with CIVIL NO.: 23-01511 JURY TRIAL DEMANDED |

**JOINT MOTION RECOGNIZING EFFECT OF SIA'S AND PLAINTIFFS' SETTLEMENT IN REMAINING CLAIMS AGAINST LUMA**

**TO THE HONORABLE COURT**:

**COME NOW** plaintiffs Jarelys Santiago ("Santiago") and her underage son M.A.R.S., (jointly referred to as "Plaintiffs"); defendant LUMA Energy, LLC and LUMA Servco, LLC (collectively "LUMA"); and third-party defendant Santa Isabel Asphalt ("SIA"), through their undersigned counsel, and respectfully state and pray:

1

1. On December 11, 2024, Plaintiffs and Third-Party Defendant Santa Isabel Asphalt ("SIA") jointly filed a *Verified Joint Motion Under Seal for Approval of Settlement on Behalf of Minor Plaintiff M.A.R.S.*, seeking Court approval of a settlement agreement involving a minor that has appeared as a plaintiff in this action. That motion remains pending at **Docket No. 77** (the "Unopposed Verified Motion"). As requested during the May 7, 2025, hearing, Plaintiffs submitted a copy of the fully executed Private Partial Settlement and Release (the "Settlement") under seal at **Docket No. 88**.

2. During the hearing, the Court raised questions regarding the Settlement's effect on the remaining claims, the procedural posture of the case, and whether SIA, as a third-party defendant, should remain a party.

3. In its third-party complaint, LUMA asks the Court to "order [SIA] and its insurance company to respond directly to the Plaintiffs for the damages claimed in the Complaint. In the alternative, if LUMA is found responsible for any amount of damages to Plaintiffs, [LUMA requests that SIA] be deemed liable to reimburse LUMA for said amount." **Docket No. 19**, at p. 7.

4. Following the hearing, all parties conferred and agreed on the legal effects of the Settlement. Importantly, LUMA reviewed the Settlement Agreement in its entirety. Accordingly, all parties jointly recognize and affirm its binding effect on the matters pending before the Court.

5. The parties agree that the Settlement's effect is governed by Szendrey v. Hospicare, Inc., 158 D.P.R. 648 (2003), and its progeny. Under that framework, SIA resolved its potential liability to Plaintiffs without Plaintiffs waiving any claims against LUMA—a structure commonly referred to as a "Szendrey clause." Because multiple tortfeasors may be jointly liable, a residual internal relationship exists between LUMA and SIA, giving rise to LUMA's potential "right of

contribution, recovery, reimbursement, refund, or return." Quilez-Velar v. Ox Bodies, Inc., 198 D.P.R. 1079, 1095 (2017).

6.     Accordingly, considering the Settlement, if necessary, at trial, the jury will determine the value of Plaintiffs' damages, if any, and the percentage of liability attributable to LUMA and SIA, if any. Following trial, the Court will deduct SIA's liability percentage from the total damages awarded. See Szendrey, 158 D.P.R. at 658-659.

7.     LUMA reserves the right to present evidence of SIA's liability at trial.

8.     If the jury concludes that SIA is responsible, in whole or in part, for Plaintiffs' damages, Plaintiffs will be deemed fully compensated for that portion pursuant to the Settlement, regardless of the amount awarded, and will not seek recovery of any portion of the award attributable to SIA from the co-defendants. SIA reserves the right to –if necessary– address the procedural effect of the Settlement as to the third-party complaint.

**WHEREFORE** Plaintiffs and SIA respectfully request that the Court take notice of this joint filing recognizing the full effect of the Settlement.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this May 15, 2025.

We HEREBY CERTIFY that we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify such filing to attorneys who have filed appearances.

| *Counsel for Plaintiffs* | *Counsel for SIA* |
|---|---|
| 304 Ponce de León, Ste. 990<br>San Juan, P.R. 00918<br>(787) 485-2692 | **Carlo G. Agrelot-Aponte, Esq.**<br>**De Corral & de Mier Law Offices**<br>#130 Eleanor Roosevelt<br>San Juan, PR 00918-3105<br>Tel: (787) 758-0644 |
| /s/ Albéniz Couret Fuentes<br>Albéniz Couret Fuentes<br>USDC-PR 222207 | Fax: (787) 758-0687<br>cagrelot@dcdmlaw.com |

3

acouret@smclawpr.com

/s/ Carlo Defendini-Díaz
Carlo Defendini-Díaz
USDC-PR No. 227814
cd1705@hotmail.com

*s/Carlo G. Agrelot-Aponte*
USDC-PR-220406

*Counsel for LUMA Energy, LLC and LUMA Servco, LLC*



**DLA Piper (Puerto Rico) LLC**
500 Calle de la Tanca, Suite 401
San Juan, PR 00901-1969
Tel. 787-945-9122 / 787-945-9106 / 787-945-9134
Fax 787-236-0476 / 939-697-6141 / 939-731-4012

MARGARITA MERCADO ECHEGARAY
USDC-PR No. 228901
margarita.mercado@us.dlapiper.com

/s/ Mariana Muñiz Lara
Mariana Muñiz Lara
USDC-PR No. 231,706
mariana.muniz@us.dlapiper.com

/s/Daniel Brown Sáenz
Daniel Brown Sáenz
USDC-PR No. 229601
daniel.brown-saenz@us.dlapiper.com