# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JARELYS SANTIAGO, et al.  *Plaintiffs*  v.  LUMA ENERGY, LLC, et als.  *Defendants and Third-party Complainants*  v.  SANTA ISABEL ASPHALT  *Third-party Defendant* | CIVIL NO.: 23-01465 (SCC) (BJM)  RE:  TORT CLAIM  *JURY TRIAL DEMANDED* |
| MANUEL REYES MORELL  *Plaintiff*  v.  SANTA ISABEL ASPHALT, INC, et al.  *Defendants* | Consolidated with  CIVIL NO.: 23-01465 (SCC) (BJM)  *JURY TRIAL DEMANDED* |

**MOTION IN RECONSIDERATION AND REQUEST FOR EXTENSION TO DEPOSIT FUNDS (Docket No. 122)**

**TO THE HONORABLE COURT**:

**COME NOW** defendant Santa Isabel Asphalt ("SIA"), through their undersigned counsel, and respectfully state and pray:

1. On September 23rd, 2025, this Honorable Court noted a failure to comply with our own motion to deposit funds and ordered the appearing party to *"…deposit the check it mentions in its motion with the Clerk of this District. It shall do so by COB on 9/24/2025."* (Docket No. 122)

2. Respectfully, the appearing party submits that the delay was not due to any willful disobedience or disregard of this Court's authority, but rather the result of inadvertence on the part of undersigned counsel. Following our motion, (Docket No. 115) the aforementioned check was deposited in person by messenger on August 7th, 2025. But it was returned due to the check's failure to comply with the District Court's policy concerning cashier's acceptance of personal checks (See Exhibit A[1]).

3. Unfortunately, undersigned counsel mistakenly filed the returned check and Clerk's correspondence in the case file, under the erroneous belief that it was the deposit receipt. This mistake was only discovered recently, while preparing the file for closure. Upon discovering the error, undersigned immediately contacted Triple-SSS Propiedad[2] to request the issuance of a check in compliance with the Clerk's requirements, and notified plaintiff's counsel of the situation.

4. The undersigned counsel wishes to extend our sincerest apologies to this Honorable Court and to the parties for the inadvertent error and the resulting delay. Counsel would never willfully or purposefully place themselves in a position of failing to comply with their obligations before this Court.[3]

5. Although prompt corrective action has been taken, in order to allow sufficient time for the issuance of payment in strict compliance with the Clerk's policy, we respectfully request an extension of twenty (20) days from the date of this filing to complete the deposit, we sincerely belief that no prejudice will result to the plaintiff.

**WHEREFORE** SIA respectfully requests that the Honorable Court (i) take notice of this filing, (ii) accepts our sincere apology (iii) grants the requested extension of twenty

---

[1] In accordance with court order the amount is redacted.
[2] Insurance company for Santa Isabel Asphalt.
[3] Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 38-39 (1st Cir. 2013) and Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 4 (1st Cir. 2014

(20) days to allow the issuance of a compliant check; and (iv) grant such other and further relief as this Court deems just and proper

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this September 24th, 2025.

We HEREBY CERTIFY that we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify such filing to attorneys who have filed appearances.

**Carlo G. Agrelot-Aponte, Esq.**
**De Corral & de Mier Law Offices**
#130 Eleanor Roosevelt
San Juan, PR 00918-3105
Tel: (787) 758-0644
Fax: (787) 758-0687
cagrelot@dcdmlaw.com

*s/Carlo G. Agrelot-Aponte*
USDC-PR-220406